IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACQUELINE CROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cv-3237 |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Defendant Illinois Department of Human Service's ("Defendant" or "DHS") Motion for Summary Judgment (d/e 22). Plaintiff Jacqueline Crow has not established any issue of material fact which would necessitate a trial regarding her Title VII anti-retaliation claim, while Defendant has shown that it is entitled to judgment as a matter of law on the undisputed material facts. Defendant's Motion (d/e 22) is GRANTED.

### I.   FACTS

The Court draws the following facts from the parties' Local Rule 7.1(D)(1)(b) statements of undisputed material facts. The

Court discusses any material factual disputes in its analysis. Facts immaterial to the Court's analysis or immaterial factual disputes are omitted. Any fact submitted by any party that was not supported by a citation to evidence will not be considered by the Court. See Civil LR 7.1(D)(2)(b)(2). In addition, if any response to a fact failed to support each allegedly disputed fact with evidentiary documentation, that fact is deemed admitted. Id.

Plaintiff Jacqueline Crow is an adult female who was employed by Defendant DHS beginning in 2007. Plaintiff was employed as a Security Therapy Aid at Rushville Treatment and Detention Facility ("Rushville"), a correctional and treatment facility located in Rushville, Illinois. Rushville serves as a housing facility for individuals civilly committed as "sexually violent" persons.

On February 22, 2015, Plaintiff filed a complaint with the Illinois Office of Executive Inspector General ("Inspector General") alleging harassment from a female supervisor. Plaintiff filed two additional harassment and retaliation complaints against two of her supervisors on October 13, 2015. On October 14, 2015, the DHS Bureau of Civil Affairs notified Plaintiff that the Bureau received another complaint Plaintiff filed against other unnamed officials,

but Plaintiff withdrew the October 14 complaint on November 14, 2015. Plaintiff was notified on January 14, 2016 that the February 22 and October 13 complaints were being closed without investigation by the Inspector General because the alleged harassment in those complaints "took place outside" the applicable statute of limitations for filing a complaint with the Inspector General.

On September 2, 2016, a pre-disciplinary meeting was held regarding charges against Plaintiff alleging that Plaintiff had engaged in "conduct unbecoming of a state employee." Def.'s Statement of Undisputed Material Facts ("DSUMF") (d/e 23) p. 3. Specifically, Plaintiff was charged with the following,

      a. On or about February 24, 2016, Plaintiff physically threatened another employee by saying "if you don't leave my name out of your month [sic] I will have you taken care of outside the facility."
      b. On or about February 24, 2016, Plaintiff called another employee "a lying bitch."
      c. On or about August 22, 2016, Plaintiff threatened another employee by saying "he is only after her because she has his 'ass' and that he was going to get 'fired.'"
      d. On or about August 22, 2016, Plaintiff stated "[t]hat motherfucker have [sic] been talking to my husband and he lied saying he have [sic] not talked to him."
      e. On or about May 2015 through August 2016, Plaintiff:

    openly discussed her personal life, including her sex life in the workplace, or while on work status with other employees, and/or residents allowing the opportunity for residents to eavesdrop, read lips, or indirectly be presented with her personal information which is in violation of employee boundaries and professionalism. The breaches in boundaries may have compromised the resident's treatment. This conduct has jeopardized the safety and security of the other staff that were involved in the said relationship.
  f. On or about August 22, 2016, Plaintiff was found to have a cigarette and lighter.
  g. On or about August 22, 2016, Plaintiff made a false claim that she has an order of protection against the Security Director.

DSUMF (d/e 23) at pp. 4–5.  Following the meeting, on October 20, 2016, Defendant discharged Plaintiff's employment.

  Plaintiff filed a two-count Complaint (d/e 1) on September 17, 2018 in which Plaintiff alleged Defendant violated Title VII of the Civil Rights Act of 1964 when Defendant discharged Plaintiff. Specifically, Plaintiff alleged that Defendant discriminated against Plaintiff on the basis of gender and that Defendant retaliated against Plaintiff because of the harassment complaints she had filed.  Defendant now moves for summary judgment under Federal Rule of Civil Procedure 56.  Because Plaintiff, on the undisputed material facts, cannot show that the filed harassment complaints

were the but-for cause of her discharge, Defendant's Motion is granted.

## II.  LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[S]ummary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events."  Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003).

On that evidence, the Court must determine whether a genuine dispute of material facts exists.  A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party.  Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012).  When ruling on a motion for summary judgment, the Court must construe facts in the light most favorable to the nonmoving

party and draw all reasonable inferences in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008). However, "[a] motion for summary judgment cannot be defeated merely by an opposing party's incantation of lack of credibility over a movant's supporting affidavit." Walter v. Fiorenzo, 840 F.2d 427, 434 (7th Cir. 1988).

### III.   ANALYSIS

Defendant seeks summary judgment as to Count I of Plaintiff's Complaint. In Count I, Plaintiff alleges that Defendant violated Title VII's anti-retaliation provisions when Defendant discharged Plaintiff after she had submitted formal complaints alleging harassment on the part of her co-workers. In addition to Title VII's antidiscrimination provisions, Title VII also prohibits employers from retaliating against an employee "because [she] has made a charge . . . or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). To avoid a defendant's motion for summary judgment on a claim of retaliation prohibited by Title VII, a plaintiff "must produce enough evidence for a reasonable jury to conclude that (1) she engaged in a statutorily protected activity; (2) the [employer] took a materially

adverse action against her; and (3) there existed a but-for causal connection between the two." Robertson v. Dep't of Health Servs., 949 F.3d 371, 378 (7th Cir. 2020) (quoting Burton v. Bd. of Regents of Univ. of Wis. Sys., 851 F.3d 690, 695 (7th Cir. 2017)).

The parties do not dispute that Plaintiff engaged in a protected activity or that Defendant took adverse action against Plaintiff: Plaintiff filed multiple complaints alleging harassment and was eventually discharged from employment at DHS. Defendants only argue that Plaintiff's retaliation allegation fails because Plaintiff cannot show that Plaintiff's filed complaints of harassment were the but-for cause of her termination. In response, Plaintiff only argues that a reasonable jury, in Plaintiff's view, could discredit Defendant's evidence and instead choose to believe Plaintiff's own declarations.

"To prove causation, the plaintiff must show that 'the desire to retaliate was the but-for cause of the challenged employment action.'" Eaton v. J.H. Findorff & Son, Inc., 1 F.4th 508, 511–12 (7th Cir. 2021) (quoting Gracia v. SigmaTron Int'l, Inc., 842 F.3d 1010, 1019 (7th Cir. 2016)). "This requires proof that the unlawful

retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Id.

In this case, Plaintiff cannot show that the filed complaints were the but-for cause of her discharge. Plaintiff does not contest that Defendant documented its stated reasons for discharging Plaintiff. Plaintiff had physically threatened another employee, Plaintiff called another employee a vulgar term, Plaintiff verbally threatened another employee in vulgar terms, Plaintiff "openly discusses her personal life, including her sex life in the workplace" and with residents of Rushville, Plaintiff was carrying prohibited items while working, and Plaintiff had lied about having an order of protection against the Rushville Security Director. DSUMF (d/e 23) pp. 4–5.

Plaintiff only offers her deposition in opposition to Defendant's Motion for Summary Judgment. See Pl.'s Statement of Disputed Facts (d/e 27) p. 10–11. In her deposition, Plaintiff speculates about potential other reasons she was discharged, asserting that Defendant was "retaliating against me because I turned and reported them [sic] and I was followed on camera for turning them [sic] in, so they [sic] filed these charges against me." Ex. 1 (d/e 23)

p. 43.  Plaintiff also asserted that she "never physically threatened anyone" and that other workers, she believed, had been involved in "a pushing, throwing [sic] fistfight out in the parking lot" but did not receive the same discipline Plaintiff received.  Id. at 44.  But "speculation is not enough to create a genuine issue of fact for the purposes of summary judgment." Consolino v. Towne, 872 F.3d 825, 830 (7th Cir. 2017) (citing Harper v. C.R. England, Inc., 687 F.3d 297, 306 (7th Cir. 2012)).  Aside from her own speculation in her deposition, Plaintiff offers no other evidence to challenge Defendant's stated reasons for discharging Plaintiff's employment, or to establish a causal connection between the filed harassment and discrimination complaints and her eventual discharge.  Without more, Plaintiff cannot show that her filing of complaints was the but-for cause of her termination.  See Payne v. Pauley, 337 F.3d 767, 772–73 (7th Cir. 2003) (Holding that "[c]onclusory allegations, unsupported by specific facts, will not suffice" to create an issue of fact at summary judgment.)  As a result, the Court finds that a reasonable jury could not find that Defendant retaliated against Plaintiff for filing harassment complaints when Defendant discharged Plaintiff's employment.

Defendant also moves for summary judgment on Count II of Plaintiff's Complaint. Count II of Plaintiff's Complaint alleges that Plaintiff was discharged from employment at DHS because of her sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Title VII makes it unlawful for an employer "to discharge . . . or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). The question when considering a motion for summary judgment seeking to defeat a Title VII claim is "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race . . . caused the discharge or other adverse employment action." Ortiz v. Werner Enters., Inc., 834 F.3d 760, 765 (7th Cir. 2016). If the plaintiff can provide such evidence, summary judgment must be denied. See generally id.

Defendants argue that Plaintiff cannot show that she was discriminated against on the basis of gender because Plaintiff has submitted neither direct nor indirect evidence of discrimination. Plaintiff, in response, concedes that "[s]he cannot, however, establish a claim of gender discrimination under either the indirect

or direct method and thus that claim [Count II] should be dismissed." Pl.'s Resp. (d/e 27) p. 1. Because there is no issue of material fact as to Defendant's non-liability on Count II, Defendant's Motion (d/e 27) is GRANTED as to Plaintiff's Title VII gender discrimination claim.

### IV.     CONCLUSION

Plaintiff has not provided evidence to create an issue of material fact for trial. In contrast, Defendant has shown that it is entitled to judgment as a matter of law because Plaintiff cannot prove the essential elements of her claims. Therefore, Defendant's Motion for Summary Judgment is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendants and against Plaintiff. All remaining deadlines and settings are terminated. This case is closed.

**IT IS SO ORDERED.**
**ENTERED: March 31, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**